UNITED STATES DISTRICT CORT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>DAVID JOHN NAVA,<br><br>  Defendant. | Case No.: 20CR3085-DMS<br>_____<br><br>I N F O R M A T I O N<br><br>Title 18, U.S.C., Sec. 371 – Conspiracy to Commit Securities Fraud; Title 18, U.S.C., Sec. 1960 – Operation of an Unlicensed Money Transmitting Business; Title 26, U.S.C., Sec. 7206 – Tax Fraud; Title 18, U.S.C., Secs. 982(a)(1) and 982(a)(2)(A), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

The United States Attorney charges:

**COUNT 1**

[Conspiracy to Commit Securities Fraud – 18 U.S.C. § 371]

1. From in or about 2013 through in or about 2018, the exact dates being unknown, within the Southern District of California and elsewhere, defendant DAVID JOHN NAVA, did knowingly and willfully conspire and agree with others, both known and unknown, to commit the offense of securities fraud—that is, to make false and fraudulent statements of material facts and omissions concerning various publicly-traded companies in connection with the purchase and sale of securities, in violation of Title 15, United States Code, Sections 78j(b), 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

Overt Acts

2. In furtherance of the conspiracy to commit securities fraud, and to achieve the object thereof, at least of one of the conspirators committed or caused to be submitted, in the Southern District of California, and elsewhere, at least one of the following overt acts, among others:

  a. On or about February 22, 2013, CC-1, at the direction of NAVA, wrote and submitted to a transfer agent a fraudulent attorney opinion letter for the purpose of unrestricting 5,000,000 shares of stock issued by a publicly traded company.

  b. On or about January 28, 2014, CC-1, at the direction of NAVA, wrote and submitted to a transfer agent a fraudulent opinion letter for the purpose of unrestricting 2,000,000 shares of stock issued by a publicly traded company.

  c. On or about March 15, 2015, NAVA e-mailed CC-1 and stated, "[t]he main thing to getting this stock cleared is the shell status of [the publicly traded company]. You have to do your best to flow everything and convince them this has never been a shell." That same day, CC-1 responded to NAVA's e-mail and stated, "[t]here's not a lot to work with on the shell issue. $500 in assets isn't much. If they push, it'll be hard to dispute."

  d. On or about January 17, 2017, NAVA e-mailed CC-1 in connection with expanding the scope of the Scheme and stated, "[g]et me some referrals so that you can bill me. You will make a fortune in legal consulting fees[.] I look forward to hearing from you, thanks for getting back to me."

  e. On or about March 22, 2018, NAVA emailed CC-1 in connection with obtaining a fraudulent attorney opinion letter, and told CC-1 that, with respect to certain stocks,

> I obviously want them to be worth a lot of money when I sell them. So with that said I need to invest in some of these [p]enny [s]tock[s] . . . The problem now as you know is getting the broker dealers to clear the stock for sale, so it must be all papered up with a legal opinion letter by [an] [a]ttorney which I am hoping you will do, so I need you to add equity blockers . . . and of

2

course the [l]egal [o]pinion [l]etter . . . I want to be a ghost.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

[Operation of an Unlicensed Money Transmitting Business – 18 U.S.C. §§ 1960, 2]

3. From in or about 2017 through in or about 2018, the exact dates being unknown, defendant DAVID JOHN NAVA and others knowingly conducted, controlled, managed, supervised, directed, and owned all or part of a money transmitting business, which affected interstate or foreign commerce, and failed to comply with the money transmitting registration requirements under Title 31, United States Code, Section 5330 and the regulations prescribed thereunder, all in violation of Title 18, United States Code, Sections 1960 and 2.

## COUNT 3

[Tax Fraud – 26 U.S.C. § 7206(1)]

4. From in or about April 2015 until in or about May 2017, in the Southern District of California, defendant DAVID JOHN NAVA, a resident of La Jolla, California, did willfully make and subscribe to United States Individual Income Tax Returns, Forms 1040 for the calendar years 2014, 2015, and 2016 verified by written declaration and made under penalty of perjury that defendant DAVID JOHN NAVA did not believe to be true and correct as to every material matter, in that Line 1 of each Schedule C of defendant DAVID JOHN NAVA's tax returns falsely reported gross receipts of Surf Financial Group for the calendar years 2014, 2015, and 2016 in amounts less than defendant DAVID JOHN NAVA then and there knew Surf Financial Group had received for the calendar years 2014, 2015, and 2016, all in violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATIONS

5. The allegations set forth in Count 2 is realleged herein for purposes of seeking forfeiture to the United States of America pursuant to Title 18, United States Code, Sections 982(a)(1), and Title 28, United States Code, Section 2461(c).

6. Upon conviction of the offense alleged in Count 2 of this Information,

defendant DAVID JOHN NAVA shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), any property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to $3,107,980.27.

7. In the event that any of the property described above, as a result of any act or omission of defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeit substitute property up to the value of the afore-described properties pursuant to Title 18, United States Code, Sections 982(a)(1), and Title 28, United States Code, Section 2461(c).

DATED: October 7, 2020

ROBERT S. BREWER, JR.
United States Attorney
Southern District of California

s/ *Daniel C. Silva*
DANIEL C. SILVA
Assistant U.S. Attorney

KEVIN LOWELL
Trial Attorney